Janiece (f/n/a Janice) Morrison
8037 43rd Avenue, Unit 5D
Kenosha, WI 53142
        Plaintiff,

v.                            Case No.

Dragon Xpress, LLC
7601 Durand Avenue
Sturtevant, WI 53177

and

ND Packaging
7601 Durand Avenue
Sturtevant, WI 53177
        Defendants.

## COMPLAINT

Janiece Morrison, by her attorney, Salawdeh Law Office, LLC, alleges and states as follows:

### NATURE OF THE ACTION

1. This is an action for damages and relief for discrimination based on sex against Dragon Xpress and ND Packaging ("Joint Employers") under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. sec. 2000e (2)(a).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).

3. Venue in this Court is appropriate pursuant to 42 U.S.C. § 12117(a), 42 U.S.C. §2000E-5(f)(3), and 28 U.S.C §1391, because the employment practices involved in this dispute occurred in Racine County, Wisconsin, and thus venue is proper in the Eastern District of Wisconsin.

## ADMINISTRATIVE PROCEEDINGS

4. Ms. Morrison has timely and fully complied with prerequisites for administrative exhaustion required for jurisdiction in this court under Title VII of the Civil Rights Act and thus all conditions precedent to this lawsuit within the meaning of Rule 9(c) of the Fed. R. Civ. Pro. have been performed or have otherwise occurred.

5. In particular, Ms. Morrison was issued a "Right to Sue" letter by the Equal Employment Opportunity Commission on January 23, 2026. This lawsuit was timely filed within 90 days of receipt of that notice.

## PARTIES

6. Plaintiff Janiece Morrison (f/n/a Janice Morrison) is an adult female citizen, residing in Kenosha County in the State of Wisconsin.

7. Defendant, Dragon Xpress, LLC, is a private employer within the meaning of the Civil Rights Acts of 1964, as amended, and has the capacity to sue and be sued in this Court.

8. At all relevant times, Defendant, Dragon Xpress, was and is a covered employer as that is defined in 42 U.S.C. sec. 2000e.

9. Defendant, ND Packaging, is a private employer within the meaning of the Civil Rights Act of 1964, as amended, and has the capacity to sue and be sued in this Court.

10. At all relevant times, Defendant, ND Packaging, was and is a covered employer as that is defined in 42 U.S.C. sec. 2000e.

11. At all relevant times to this action, Defendants were joint-employers of Ms. Morrison because the work which Ms. Morrison performed was suffered or permitted to be performed by Defendant Dragon Xpress on behalf of Defendant ND Packaging. Ms. Morrison's day to day tasks and instructions were issued by ND Packaging, making Ms. Morrison's employment economically dependent upon Defendant ND Packaging.

## BACKGROUND FACTS

12. Defendant Dragon Xpress hired Ms. Morrison on or about December 27, 2023 as a truck driver for ND Packaging.

13. Each day, Ms. Morrison reported to the Defendant ND Packaging Dispatch Office.

14. Ms. Morrison was required to report to the offices of Defendant ND Packaging Dispatch Office to receive her bill of lading, which were her instructions for where she was supposed to drive that day.

15. Defendant ND Packaging employees present in the Dispatch Office each morning included:

    a. John Sanchez, who goes by "Big John," a dispatcher;

    b. Rich Sanchez, "Big John's" brother, forklift driver;

    c. Donny Garrison, the Department Supervisor; and

    d. Bette Janicki, Outbound Logistics.

16. Defendant Dragon Xpress employees present in the Dispatch Office included:

    a. Sabrina, Lead Dispatcher;

    b. Zack, Lead Driver; and

    c. Other drivers receiving their bills of lading.

17. Almost immediately upon hire, Defendant ND Packaging employee, "Big John", began making crude and sexually offensive statements to Ms. Morrison when she came for her bill of lading.

18. The crude and sexually offensive statements Big John made to Ms. Morrison included:

    a. "I want to fuck you";

    b. "If you were fucking me your life would be easier."

19. Big John also told Ms. Morrison, who is Jamaican, that Jamaican women sell pussy and get high.

20. In addition to the crude and sexually offensive statements Big John made to Ms. Morrison, he also regularly touched her in a crude and sexual manner, including backing Ms. Morrison into a corner and pushing his body into hers.

21. When Big John gave Ms. Morrison her bill of lading, he regularly ran his fingers over Ms. Morrison's palm, commented that her hands are rough, but she would not have to work so hard if she would have sex with him.

22. Ms. Morrison found Big John's statements and actions to be offensive.

23. Ms. Morrison did not want Big John to make statements about her body or about having sex with her. Ms. Morrison did not want Big John to touch her.

24. Big John's brother, Rich Sanchez, also worked for Respondent as a dispatcher.

25. After Big John started making crude and sexually offensive statements to Ms. Morrison, Rich also did the same.

26. Rich's statements to Ms. Morrison included:

   a. Telling Ms. Morrison he wanted to marry her;

   b. Telling Ms. Morrison he wanted to fuck her.

27. Rich also licked his lips in a sexually offensive manner when staring at Ms. Morrison.

28. Like his brother, Rich also touched Ms. Morrison in a crude and sexual manner, including grabbing her hands and pulling her towards him.

29. On one occasion, when Ms. Morrison was trying to get away from Big John's sexual harassment, Rich grabbed Ms. Morrison's hand and demanded, "Where are you going? Don't you know I want to fuck you?!" Big John responded, "So you are fucking my brother?!"

30. Ms. Morrison found Rich's statements and actions to be offensive.

31. Ms. Morrison did not want Rich to make statements about her body or about having sex with her. Ms. Morrison did not want Rich to touch her.

32. Although Ms. Morrison arrived at work early, Big John regularly withheld her bill of lading to the end, giving him the opportunity to sexually harass her without the other drivers present.

33. Donny Garrison, the Department Supervisor, laughed while observing Big John and Rich sexually harass Ms. Morrison, doing nothing to stop the crude and sexual behavior.

34. Sabrina was also present when Big John and his brother Rich were sexually harassing Ms. Morrison, but did nothing to stop the behavior.

35. Bette Janicki tried to protect Ms. Morrison by telling Big John and Rich to stop the crude and sexual behavior toward her, but they did not stop.

36. Ms. Janicki asked Donny and Sabrina to stop Big John and Rich's behavior, but they claimed there was nothing they could do.

37. When the Department Supervisor and the Dispatch Supervisor did not take action to stop the harassment, Ms. Morrison reported the sexual harassment to Defendant, ND Packaging, Human Resources.

38. One week later, on February 15, 2024, Ms. Morrison's employment ended without an end to the sexual harassment.

## CLAIM FOR RELIEF – SEXUAL HARASSMENT

39. Ms. Morrison realleges and incorporates by reference herein the paragraphs above.

40. Defendants intentionally discriminated against Ms. Morrison because of her sex and acted with malice and reckless indifference of her rights in violation of law by failing to stop and condoning sexual harassment after it learned of her complaint.

41. The discriminatory conduct of Defendants has caused and continues to cause Ms. Morrison to suffer mental and emotional distress and inconvenience, as well as monetary losses.

42. Defendants knew or had reason to know that Ms. Morrison was subject to a sexually hostile work environment.

43. Defendants failed to prevent and correct promptly the sexually hostile work environment.

44. Ms. Morrison availed herself of protective and/or corrective opportunities provided by the Defendants.

45. Defendants failed to exercise due care in training and supervising is supervisory employees.

WHEREFORE, in this cause of action, Ms. Morrison prays for judgment against said Defendants as follows:

A. A declaration that she has been discriminated against on the basis of sex;

B. Compensatory damages against Defendants because of the physical and mental pain and distress and inconvenience caused by their discriminatory actions and failures to act;

C. Punitive damages because Defendants acted with malice and reckless indifference of Ms. Morrison's rights;

D. Attorney fees, legal expenses, and costs incurred in obtaining relief and pursuing this action, and

E. Any other relief the Court deems just and proper.

**THE PLAINTIFF DEMANDS A JURY TRIAL**

Dated: April 16, 2026

Radtke Law Office

s/ *Sandra Graf Radtke*
Sandra Graf Radtke
15850 W. Bluemound Road, Ste. 300
Brookfield, WI 53005
T: 262-330-8120
F: 414-505-5113
E: radtkelaw@tds.net

Salawdeh Law Office, LLC

s/ *Rebecca L. Salawdeh*
Rebecca L. Salawdeh
7119 W. North Avenue
Wauwatosa, WI 53213
T: 414-455-0117
F: 414-918-4517
E: rebecca@salawdehlaw.com